No. 750

NAT. LIB. INS. CO. v. STURTEVANT-JONES CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1534. Decided June 8, 1925

465. ERROR—Where motion for a directed verdict has been overruled, movant had right to have issues of the case submitted to the jury and, in the deprivation of that right, prejudicial error was committed.

RICHARDS, J.

The National Liberty Insurance Co. brought an action against the Sturtevant-Jones Co. to recover the value of an automobile which was claimed to have been in its possession as bailee and which was destroyed by fire.

The cause was tried to a jury and at the conclusion of the evidence each party moved for a directed verdict. The jury was discharged and the court rendered a judgment in favor of the Sturtevant-Jones Co.

It seems that the automobile in question was originally owner by one, Lou Burlingame, its value being $3500. The automobile was in Findlay, being in a somewhat damaged condition. It was alleged that Burlingame and the Sturtevant-Jones Co., which operated a garage, orally agreed that it would sent out a competent, reliable, and skillful man to repair the damages and drive the car back to Toledo, where the garage was located.

The Insurance Co. alleged that pursuant to its agreement the garage people sent out a man to drive the car in, but in violation of its agreement, failed to send a skilled, compe-

## STATE COURT OF APPEALS—Continued

tent, and reliable man to Findlay, qualified to make the repairs that were necessary so that the automobile could be safely driven to Toledo.

The man sent to make the repairs it seems after he had done what he could, drove it to Toledo but instead of taking it to the garage of the Sturtevant-Jones Co., he attended a dance and later went out on a joy ride. While so engaged the car was practically destroyed by fire caused by the engine backfiring. The Insurance Co. paid to Burlingame $4700 in consideration of which he transferred to it all his rights and choses in action against the Sturtevant-Jones Co. growing out of the breach of agreement and the bailment.

Error was prosecuted to the Court of Appeals and it was contended by the Sturtevant-Jones Co. that its employe without its knowledge, authority, or consent, deviated from the course designated and proceeded on his own business and pleasure, and therefore acted without the scope of his employment; and denied any liability for the destruction of said automobile. It was contended by the Insurance Co. that the lower court erred in not submitting the case to the jury or overruling of its motion for a directed verdict. The Court of Appeals held:

1. The bailment by Burlingame to the Sturtevant-Jones Co. was for the mutual benefit of both and the duty assumed by the company was to exercise ordinary care in the matter. The duty of exercising ordinary care in the selection of the employe was also imposed upon the company by the law.

2. Whether the failure to repair a slight leak in the gasoline tank had something to do with the destruction of the automobile should have been left to the jury.

3. The duty assumed by a bailee for hire is that of exercising ordinary care, but he is not liable for acts of an employe, committed outside his scope of employment.

4. Such a bailee is not a guarantor for the trustworthiness, honesty, or capacity of his employes, but ordinary care must be used in their selection and this degree of care must be used in the protection of property entrusted to their care. Catering Co. v. Coit, 55 OS. 398.

5. Insurance Co., whose motion for a directed verdict was not granted, had the right to have the issues in the case submitted to a jury, and for the court to deprive it of that right was prejudicial error. Judgment reversed and cause remanded.

Attorneys—Doyle & Lewis & Mooney, Bibbee & Edwards for Insurance Co.; Denman Kirkbride, Wilson & McCabee for Sturtevant-Jones Co.; all of Toledo.